UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANSONE, | No. 2:13-cv-2563 AC P |
| Plaintiff, | |
| v. | ORDER |
| MTA CORPUS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By Order filed on January 2, 2014, plaintiff was directed to submit the request certified copy of his prison trust account statement to support his request to proceed in forma pauperis. ECF No. 5. By Order filed on February 18, 2014, plaintiff was granted a thirty-day extension of time to submit his in forma pauperis application. ECF No. 11. On March 10, 2014, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 14. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

In his case caption, plaintiff lists some six defendants (Corpus, Gill or Bill, Hernandez, Bay Bayair, Cacdac, Choe Gyel) he identifies as MTAs (Medical Technical/Technician Assistants).  He lists another individual, MTA Herison, under "additional defendants."  Plaintiff then goes on to allege that between August 18 and August 25 of 2013, he "was a victim of "g[ua]rd brutality" during three cell extractions.  He claims to have sustained two black eyes, "a "busted nose" and a broken finger.  He claims that unnamed MTAs rushed into the cell, hit him in the face, causing serious injury, then kicked and handcuffed him while he was on the floor.  MTAs are alleged to have continued hitting plaintiff with their fists in his face while he was on the floor, and one grabbed and broke his finger.  Plaintiff's left eye was swollen shut and he could not see out of it and had a blood clot.  Plaintiff seeks both compensatory damages and injunctive relief.  ECF No. 1.

*Legal Standard For Use Of Excessive Force*

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, we look to the "extent of the injury..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, supra, at 7.

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Id. at 9 (citing Whitley, at 327).

3

*Defendants Must Be Linked To Alleged Deprivation*

Under 42 U.S.C. § 1983, "[a] person deprives another 'of a constitutional right . . . if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ( Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) (emphasis added in Leer).  Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them," McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  While plaintiff potentially frames colorable claims of an Eighth Amendment violation by the use of excessive force, the complaint's allegations of fact do not link the claimed deprivation of constitutional rights to any specific individual(s).  In addition, it is unclear whether plaintiff is intending to name correctional officers or MTAs or both for the claimed use of excessive force.  The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

1 amended complaint, the original pleading no longer serves any function in the case.  Therefore, in
2 an amended complaint, as in an original complaint, each claim and the involvement of each
3 defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: May 9, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE